UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:24-cv-60721-RS

DAVID GORDON OPPENHEIMER,

            Plaintiff,

v.

GAZETA BRAZILIAN NEWS
CORPORATION

            Defendant.

_____

**PLAINTIFF'S RENEWED MOTION FOR DEFAULT FINAL JUDGMENT**

Pursuant to Rule 55(b) and 58(d) of the Federal Rules of Civil Procedure, Plaintiff DAVID GORDON OPPENHEIMER ("Plaintiff" or "Oppenheimer") by and through his undersigned counsel, respectfully moves the Court for an entry of default judgment in favor of Plaintiff and against GAZETA BRAZILIAN NEWS CORPORATION ("Defendant" or "Gazeta"). Default has been entered against Defendant by the Clerk of Court for failure to answer or otherwise defend the instant suit on June 4, 2024. [DE 12]. Plaintiff requests that the Court award all relief requested herein against Defendant, and in support states as follows:

### I. INTRODUCTION

Plaintiff initiated this action against Defendant for willful copyright infringement. Defendant is in default and the requirements for a default judgment have been met. Based on the assertions of facts in Plaintiff's Complaint (DE 1, the "Complaint"), as well as the *Declaration of David Gordon Oppenheimer* (**Exhibit 1**, the "Oppenheimer Decl.") and the *Declaration of Joel B. Rothman* (**Exhibit 2**, the "Rothman Decl.") filed concurrently herewith, Plaintiff seeks entry of default judgment for his claim of copyright infringement against Defendant, an award of damages

pursuant to 17 U.S.C. § 504, an award of Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, prejudgment interest, and an injunction pursuant to 17 U.S.C. § 502, permanently enjoining Defendant from further infringement.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Rights

Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Complaint at ¶ 2. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. *Id.* His work has been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the city of New York. *Id.*

In 2019, Oppenheimer created the aerial photograph of the Hard Rock Stadium in Miami, Florida, which is shown below and referred to herein as the "Work". *Id.* at 10; Oppenheimer Decl. at ¶ 3.



Oppenheimer registered the Work with the Register of Copyrights on May 7, 2019, and was assigned registration number VAu 1-356-215. The Work is on deposit with the contents title, "Hard_Rock_Stadium_aerial_Miami_576.jpg" and is identified on page 4 of the copyright registration certificate. Complaint at ¶ 11 and Exhibit 1; Oppenheimer Decl. at ¶ 4. At all relevant times Oppenheimer was the owner of the copyrighted Work at issue in this case. Complaint at ¶ 13; Oppenheimer Decl. at ¶ 5.

B. Infringement by Defendant[1]

Gazeta Brazilian News Corporation is a news platform. Complaint at ¶ 3 and Exhibit 2. Upon information and belief, it owns and operates the website located at the URL https://www.gazetanews.com/ (the "Website"). *Id.*; Oppenheimer Decl. ¶ at 6. Defendant was never licensed to use the Work for any purpose. Complaint at 14; Oppenheimer Decl. at ¶ 10.

---

[1] The following facts are as alleged by Plaintiff, admitted by default, and established by the evidence submitted with the Complaint.

On a date after the Work was created, but prior to the filing of the initial action, the Defendant copied the Work without permission. Complaint at ¶ 15; Oppenheimer Decl. at ¶ 8. Defendant copied and distributed the Work on its Website without authorization from Oppenheimer or the law. Complaint at ¶¶ 16-19; Oppenheimer Decl. ¶ at 10. Defendant copied and distributed Oppenheimer's copyrighted Work from the internet in order to advertise, market and promote its business activities. Complaint at ¶ 18; Oppenheimer Decl. at ¶¶ 11-12. Gazeta committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of Gazeta's news outlet business. Complaint at ¶ 19 and Exhibit 2; Oppenheimer Decl. at ¶10.

On February 27, 2024 and April 15, 2024, Oppenheimer, through counsel, notified Gazeta in writing of Oppenheimer's copyrights in the Work, and demanded that it cease the infringing use of the Work and pay a license fee for the unauthorized use of the Work. Complaint at ¶ 23; Oppenheimer Decl. at ¶ 12. Despite Plaintiff's repeated demands, Defendant has not compensated Oppenheimer for its otherwise infringing use of the copyrighted Work. *Id.* As such, Defendant's refusal to pay for its commercial use of the Work evidences that Defendant's infringement was willful and intentional throughout, and that it always intended to profit from Plaintiff's Work without paying any fees for its use.

As a result of Defendant's infringement, the Work has lost significant value. Oppenheimer Decl. ¶ 15. Defendant publicly disseminated an attribution-free copy of the Work, which could be accessed and downloaded by others from the Website, without obtaining a license from Plaintiff. *Id.* The Work is now less scarce and less exclusive *Id.*

### III. Procedural History

On April 30, 2024, Oppenheimer filed his Complaint instituting this action against the Defendant. *See* Complaint. On May 3, 2024, Gazeta was served with the Summons and a copy of the Complaint by corporate service, by serving its registered agent, Tax House Corporation, at the location 1100 S. Federal Highway, Deerfield Beach, Florida 33441. [DE 5]. Defendant failed to respond to the Complaint. On this basis, on June 3, 2024, Plaintiff filed a Motion for Entry of Clerk's Default. [DE 11]. The following day, the Clerk of the Court filed its Entry of Default as to the Defendant. [DE 12]. Plaintiff now moves for entry of a Final Judgment of Default and seeks damages as described below, and as defined in and pursuant to 17 U.S.C. § 504.

## IV. LEGAL STANDARD FOR DEFAULT JUDGEMENT

Once a default is entered by the Clerk of Court, a plaintiff may seek entry of a Default Judgment by the Court against the defaulting defendant pursuant to Federal Rule of Civil Procedure 55.[2] "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank*, 515 F. 2d 1200, 1206(5th Cir. 1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Following the entry of a default judgment, damages may be awarded "without a hearing [if] the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph*

---

[2] Fed. R. Civ. P. 55 (b)(2): In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

*Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Id.* at 1544.

Plaintiff received an entry of default pursuant to Rule 55(a) on June 4, 2024. [DE 12]. Oppenheimer now seeks a final default judgment under Rule 55(b).

### V. ARGUMENT

#### A. Jurisdiction and Venue are Proper in this Court

This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a). Complaint at ¶ 6. Personal jurisdiction over Defendant is proper because it is subject to personal jurisdiction in Florida as it resides in the district. *Id.* at ¶¶ 7-9.

Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district. *Id.* at ¶ 8.

#### B. Oppenheimer has Established Defendant's Liability for Copyright Infringement

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)]... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a Plaintiff can prove (1) Plaintiff's ownership of a copyright, and (2) defendant's copying of the Work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

##### I. Oppenheimer Owns a Valid Copyright for the Work

Oppenheimer's Work is an original and expressive pictorial, graphic, and sculptural works that may be copyrighted pursuant to 17 U.S.C. § 102(a)(5). Plaintiff may satisfy the first prong by producing a certificate of registration, then the burden shifts to the defendant to demonstrate why the claim of copyright is invalid. *See Feist Publications*, 499 U.S. 340 (noting a "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate").

Oppenheimer registered the Work with the Register of Copyrights on May 7, 2019, and was assigned registration number VAu 1-356-215. Complaint at ¶ 11 and Exhibit 1; Oppenheimer Decl. at ¶ 4. The certificate was registered within five years of first publication of the Work therefore Oppenheimer is entitled to the presumption of validity of the copyright for the Work and all facts stated in the copyright certificate under 17 U.S.C. § 401(c).

## II.   *Defendant Copied the Work*

The copying element of an infringement claim has two components. *Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1232 (11th Cir. 2010). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work as a factual matter. *Id*. Second, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Id.* at 1233.

Here, Plaintiff has produced documents showing Defendant's copying on its Website. Complaint at Exhibit 2. Defendant has been found in default by the Clerk of the Court. [DE 12]. The produced documents show that Defendant copied Oppenheimer's Work from the internet in order to advertise, market and promote Defendant's business activities by reproducing and displaying a copy of the Work on its commercial Website. Complaint at Exhibit 2, as shown in part here:



There is no factual or subjective issue of "substantial similarity" here because the Work in question is a whole photograph and the copy made by Defendant was an exact copy, and the entire image was taken. *Id.* Thus, Defendant undisputedly copied Oppenheimer's copyrighted Work without authorization to do so, and a Final Default Judgment should be entered against Defendant.

C.  **Oppenheimer has Established that Defendant's Infringement was Willful**

Willful infringement occurs "when the infringer acted with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Arista Records, Inc. v. Beker Enterprises. Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). "Moreover, this

Court may infer that Defendant willfully infringed Plaintiffs' copyrights because of Defendants' default." *Id*. at 1313 (citations omitted).

Here, Oppenheimer pled willful infringement. Complaint at ¶ 29. Plaintiff also pled that Defendant willfully copied the work and distributed it on the internet to promote the sale of goods and services as part of its business. *Id.* at ¶¶ 18-19. Defendant failed to respond to the Complaint. [DE 12]. As such, Plaintiff's factual assertions are to be accepted as true, and Defendant's infringement is established as willful.

Additionally, Plaintiff, through counsel, notified Defendant in writing of Oppenheimer's copyright in the Work and demanded that it cease the infringing use of the Work and pay a license fee for the unauthorized use of the Work on February 27, 2024 and April 15, 2024. Complaint at ¶ 23; Oppenheimer Decl. at ¶ 12. To date, the parties have failed to resolve this matter. *Id.*

Taken together, Plaintiff's requests and Defendant's reproduction, distribution, and public display of the copyrighted Work without obtaining, or even seeking, permission from Plaintiff as copyright owner and refusal to pay a licensing fee to compensate for its use of the Work demonstrate that Defendant had actual knowledge, or at least acted with reckless disregard, of the fact that their conduct infringed upon Plaintiff's exclusive copyrights in the Work.

Accordingly, Defendant's default and the well-pled facts of the Complaint, which are admitted by Defendant's default, establish that Defendant's infringement of Plaintiff's Work was willful and deliberate.

**V. THIS COURT SHOULD AWARD STATUTORY DAMAGES PURSUANT TO 17 U.S.C. § 504 AND GRANT A PERMANENT INJUNCTION**

In addition to the entry of default judgment against Defendant, Plaintiff requests the following relief and any other relief as the court deem just and proper.

### A. Actual Damages are Appropriate but Insufficient for Willful Copyright Infringement

Pursuant to 17 U.S.C. § 504(b), a copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement. Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." *Lorentz v. Sunshine Health Prods.,* No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010).

The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *Id*. at 15. To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by "evidence of benchmark licenses, that is, what licensors have paid for use of similar work." *Thornton v. J. Jargon Co*., 580 F. Supp. 2d 1261 (M.D. Fla. 2008) (citing *Montgomery v. Noga*, 168 F.3d 1282, 1295 n.19 (11th Cir. 1999)).

The typical range of fees Oppenheimer receives for licensing the right to display on the internet and make non-exclusive commercial use of one of his copyrighted photographs similar in quality and popularity to the Work is approximately $2,457.00 per photograph, per year. Oppenheimer Decl. at ¶ 13. Had Gazeta requested a license to reproduce and display the copyrighted Work on its website, Plaintiff would have charged a license fee of $7,371.00 for three years display of the Work. *Id.* The original date of use cannot be ascertained due to Defendant's failure to participate in this dispute, but Gazeta used the image since at least April

30, 2021. *Id.* at ¶ 9. Accordingly, for the three-year period the Work was used by Gazeta, Plaintiff estimates a lost license fee of $7,371.00 for the Work. *Id.* at ¶ 13.

Oppenheimer further declared that a licensing fee alone does not take into consideration the exclusivity and scarcity of the Work. *Id.* at ¶¶ 14-15. The Work is an exclusive photograph and is scarce not only because of its high quality but also due to Oppenheimer's intentional limited access to the Work. *Id.* at ¶ 16. Oppenheimer closely manages the distribution of the photograph so as to maintain value in its exclusivity as well as its high quality. *Id.*

Defendant publicly disseminated an attribution-free copy of the Work, which can be accessed and downloaded by others from their website, without obtaining a license from Plaintiff. *Id.* at ¶ 15. As a result, the Work has lost significant value in its scarcity and exclusivity. *Id.* Furthermore, the Work has lost significant value to its scarcity by the widespread and continuing dissemination resulting from Defendant's infringement.
*See Id.* at ¶ 17.

As a result, the Work has lost significant value in its scarcity and exclusivity. *Id.* at ¶ 15. Accordingly, Plaintiff believes his actual damages to be at least $36,855.00, after applying a scarcity multiplier of five to the licensing fee of $2,457.00 per photograph, for a three-year period. *Id.* ¶ 18. *See Garden World*, 2019 WL 8017802, at *4 (applying multipliers for the scarcity and quality of the infringed photo to increase the actual damages from $264 to $4,224); *Corson v. Gregory Charles Interiors, LLC*, No. 9:19- CV-81445, 2020 WL 6323863, at *2 (S.D. Fla. Aug. 7, 2020) (finding a multiplier of four times the $4,800 license appropriate to reflect the fair market value of plaintiff's high-end architectural photographs); *See Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a three to five times the benchmark because of the scarcity factor); *Lived in*

*Images, Inc. v. Noble Paint & Trim, Inc.*, No. 615CV1221ORL40DAB, 2016 WL 791061, at *5 (M.D. Fla. Feb. 5, 2016), report and recommendation adopted, No. 615CV1221ORL40DAB, 2016 WL 761029 (M.D. Fla. Feb. 26, 2016) (finding appropriate a ten-fold multiple of a $1,000 license fee).

Because Defendant refused to participate in discovery or otherwise defend this matter, Plaintiff is without information to identify exactly how long it used his Work for its own commercial purposes. Plaintiff's actual damages may be a multiple of his annual license fee, but Defendant through its inaction, suppressed the information necessary to identify the correct figure. Similarly, Defendant's refusal to cooperate in discovery has prevented Plaintiff from identifying the amount of profits related to its infringing uses of Plaintiff's Work that are recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's lost license fees.

To establish Defendant's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work". 17 U.S.C. § 504(b). Defendant solely controls all information concerning its gross revenue related to its infringing uses of the Work, and it has stymied Plaintiff's ability to present that evidence to the Court.

In view of the foregoing, and the fact that the record of actual damages is insufficient due to Defendant's refusal to appear and participate in discovery, Plaintiff seeks an award of statutory damages for Defendant's willful infringement of Plaintiff's copyrighted Work.

**B.  Statutory Damages are Appropriate for Willful Copyright Infringement**

Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect to recover statutory damages for Defendant's infringement of Plaintiff's exclusive rights in the copyrighted Work, and enhancement of the statutory award based upon the willfulness of such infringement.

Specifically, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award for statutory damages up to $150,000.00 when infringement was committed willfully. In awarding enhanced damages in the context of Section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "Defendant must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 851 (11th Cir. 1990) (internal quotation omitted).

Specifically, when an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of three to five times actual damages to fully compensate Plaintiff and adequately deter future conduct like that of the Defendant. *See Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (plaintiffs' request of statutory damages of an amount approximately three times what the Defendant would have paid to be licensed is a modest, just and appropriate award under section 504(c)"*); See also Barnstormers, Inc. v. Wing Walkers, LLC*, 2011 U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011) ("in light of Plaintiff's $6,000 in actual damages and Defendants' willful conduct, the Court finds a just award of statutory damages to be three times Plaintiff's actual damages, or $18,000"); *Cynthia Hunt Prods. Ltd. V. Evolution of Fitness Houston Inc.*, 2007 U.S. Dist. LEXIS 77630 *6 (S.D. Tex. Oct. 18, 2007).

In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. See 17 U.S.C. § 504(c)(1). However, as discussed in Section IV(C) above, Defendant's conduct – as well as its decision not to defend against Plaintiff's claim – demonstrates that its conduct is willful. Given the circumstances of the instant case, Plaintiff submits that an appropriate award of statutory damages of at least $36,855.00 under 17 U.S.C. § 504(c)(2) is appropriate to accomplish full compensation to the

Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from its infringing conduct in the hope of earning more than they can be held accountable for in actual damages and to deter future violations of copyright law. $36,855.00 is a result of a common multiplier of five to the calculation of actual damages of $7,371.00 for the infringement of one image for three years.

### C. Entry of a Permanent Injunction is Appropriate

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Injunctions are regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. *Arista Records*, 298 F. Supp. 2d at 1314 (entering permanent injunction against defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

As established by the well-pled facts of the Complaint, and admitted by Defendant's default, this Court has proper jurisdiction over this action. Complaint at ¶¶ 5-7. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. *Id.* at ¶ 31. For example, the ability of Defendant to use Plaintiff's Work for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the Work, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's works if it is already associated with a competing business. *See* Oppenheimer Decl. at ¶ 16.

Accordingly, Plaintiff request the Court to enter a permanent injunction against Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, prohibiting them from (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by the Plaintiff.

## VI. FULL COSTS AND REASONABLE ATTORNEY'S FEES ARE APPROPRIATE

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party… the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Defendant's infringement and its failure to defend or otherwise participate in this action leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate.

Accordingly, Plaintiff requests the Court to award costs and attorney's fees in the amount of $3,787.50 consisting of costs in the amount of $540.00 and fees in the amount of $3,247.50. Rothman Decl. at ¶¶ 3-15. Pursuant to Local Rule 7.3(a)(5), the following individual, experience of those individuals, and qualifications for each timekeepers whom fees are sought include: (1) Paralegal Jaime James, with over 20 years of legal experience, including nine years at SRIPLAW; (2) Paralegal Rebecca L. Pollack, with over a year of legal experience; (3) Paralegal Christina Tcacisina, with over seven years of legal experience, including one year at SRIPLAW;

(4) Client Services Liaison Tyler Unfer, with almost two years of legal experience at SRIPLAW;

(5) SRIPLAW Associate Marian V. Quintero, who was admitted to the Florida Bar in October 2022 and has a Certificate in Intellectual Property Law from St. Thomas University College of Law; (6) SRIPLAW Associate Sanje V. Lara, who was admitted to the Florida Bar in September 2021 and has a Certificate in Intellectual Property Law from St. Thomas University College of Law and (7) I, Joel B. Rothman, Managing Partner at SRIPLAW, with over 25 years of legal experience.

Accordingly, Plaintiff requests the Court award attorney's fees and costs in the amount of $3,787.50.

### VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request this Court to enter Final Judgment of Default against Defendant; award Plaintiff $36,855.00 for willful statutory damages for Defendant's copyright infringement, full costs and attorney's fees, and prejudgment interest in the foregoing amounts; permanently enjoin Defendant from infringing activities; and for any other relief the Court deem just and proper. A proposed order is filed herewith.

DATED: September 30, 2024

Respectfully submitted,

*/s/Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for David Gordon Oppenheimer*