UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:24-cv-60721-RS

DAVID GORDON OPPENHEIMER,

        Plaintiff,

v.

GAZETA BRAZILIAN NEWS
CORPORATION,

        Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANT GAZETA BRAZILIAN NEWS CORPORATION

This matter is before the Court on Plaintiff's Renewed Motion for Default Final Judgment [DE 20], seeking damages against Defendant Gazeta Brazilian News Corporation. On April 30, 2024, Plaintiff, David Gordon Oppenheimer, filed his Complaint [DE 1] against Defendant, Gazeta Brazilian News Corp. ("Gazeta" or "Defendant"). On May 3, 2024, Gazeta was served with the Summons and Complaint by serving its registered agent, Tax House Corporation, at the location 1100 S. Federal Highway, Deerfield Beach, Florida 33441. Defendant failed to respond to the Complaint and, on June 3, 2024, Plaintiff filed a Motion for Entry of Clerk's Default [DE 11]. The following day, a Clerk's Default [DE 12] was entered against Defendant. Plaintiff now seeks final default judgment. For the reasons that follow, the Motion for Default Final Judgment is granted.

**I.    Default Judgment Standard**

Once a default is entered by the Clerk of Court, a plaintiff may seek entry of a Default Judgment by the Court against the defaulting defendant pursuant to Federal Rule of Civil Procedure 55. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus

established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).  However, the mere entry of a default does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).  Rather, the Court must accept the plaintiff's well-pleaded allegations as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Thus, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire*, 218 F. App'x at 863.

Following the entry of a default judgment, damages may be awarded "without a hearing [if] the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Id.* at 1544 (citations omitted).

**II.     DISCUSSION**

    **A.     Copyright Infringement**

Plaintiff's Complaint alleges a single count of copyright infringement. The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or right

of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement occurs when a plaintiff can prove (1) plaintiff's ownership of a copyright, and (2) defendant's copying of the copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff's Complaint alleges that he created an aerial photograph of Hard Rock Stadium (the "Work") and that he has a valid copyright for the Work, registered with the U.S. Copyright Office on May 7, 2019, under registration number VAu 1-356-215. (Compl. ¶¶ 10–11, Ex. 1.) The Complaint further alleges that Gazeta copied and used Plaintiff's copyrighted Work, to advertise and promote its business, without authorization. (Compl. ¶¶ 14–19.) Defendant was never licensed to use the Work and continued its unauthorized use despite being notified by Plaintiff's counsel on February 27, 2024, and April 15, 2024, of the copyright infringement. (Compl. ¶ 22.) Defendant refused to pay a licensing fee, indicating willful and intentional infringement, causing the Work to lose significant value due to its unauthorized, attribution-free dissemination, which reduced its scarcity and exclusivity. By defaulting, Defendant has admitted to these facts and Plaintiff has therefore established Defendant's liability for willful copyright infringement.

### B.     Damages

Pursuant to 17 U.S.C. § 504(b), a copyright owner is entitled to recover the actual damages suffered by him as a result of the infringement. Actual damages are "often [] measured by the revenue that the plaintiff lost as a result of the infringement." *Montgomery v. Noga*, 168 F.3d 1282, 1295 n.19 (11th Cir. 1999). The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *Hofmann v. O'Brien*, 367 F. App'x 439, 442 (4th Cir. 2010); *Lorentz v. Sunshine Health Prod., Inc.*, No. 09-61529-CIV, 2010 WL 11492992, at *5 (S.D. Fla. Sept. 7, 2010), *report and recommendation*

3

*adopted*, No. 09-61529-CIV, 2010 WL 11493070 (S.D. Fla. Nov. 15, 2010).  To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by "evidence of benchmark licenses, that is, what licensors have paid for use of similar work."  *Thornton v. J. Jargon Co.*, 580 F. Supp. 2d 1261, 1276 (M.D. Fla. 2008) (citing *Montgomery v. Noga*, 168 F.3d 1282, 1295 n.19 (11th Cir. 1999)).

However, when actual damages are not established, pursuant to 17 U.S.C. § 504(c), a plaintiff may elect to recover statutory damages for a defendant's infringement of a plaintiff's exclusive rights in a copyrighted work, and enhancement of the statutory award based upon the willfulness of such infringement.  Specifically, pursuant to 17 U.S.C. § 504(c)(2), a court in its discretion may increase an award for statutory damages up to $150,000.00 when infringement was committed willfully.  In awarding enhanced damages in the context of § 504(c)(2), "deterrence of future violations is a legitimate consideration" because "Defendant must not be able to sneer in the face of copyright owners and copyright laws."  *Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 851 (11th Cir. 1990) (internal quotation omitted).

Specifically, when an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of three to five times actual damages to fully compensate a plaintiff and adequately deter similar future conduct by a defendant. *See Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (plaintiffs' request of statutory damages of an amount approximately three times what the defendant would have paid to be licensed is a modest, just and appropriate award under section 504(c)"); *see also Barnstormers, Inc. v. Wing Walkers, LLC*, 2011 U.S. Dist. LEXIS 47143, *15 (W.D. Tex. May 3, 2011) ("in light of Plaintiff's $6,000 in actual

4

damages and Defendants' willful conduct, the Court finds a just award of statutory damages to be three times Plaintiff's actual damages, or $18,000").

The Court finds that statutory damages in the amount of **$36,855.00** for willful copyright infringement are appropriate under 17 U.S.C. § 504(c)(2), given the nature of Defendant's infringement and its refusal to participate in the legal process. Plaintiff has demonstrated that the fair market value of a license for the three-year use of the Work is $7,371.00 and applying a multiplier of five, to account for a loss in value of the Work due to its unauthorized dissemination, the total statutory damages are justified. Defendant's willful infringement and its refusal to cooperate in the litigation process further support this enhanced amount to compensate Plaintiff fully and deter future violations.

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of the willful nature of Defendant's infringement and its failure to defend or otherwise participate in this action, an award of full costs and attorney's fees to Plaintiff is appropriate. Accordingly, the Court finds that reasonable attorney fees of $3,247.50 and $540.00 in costs are warranted under 17 U.S.C. § 505. The total recovery for David Gordon Oppenheimer: $40,642.50

### C. Permanent Injunction

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Injunctions are regularly issued pursuant to § 502 because "the public interest is the

interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (citation omitted) (entering permanent injunction against defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

Under § 502, a past infringement with a substantial likelihood of future infringements entitles a copyright holder to a permanent injunction against the infringer. *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984). To obtain a permanent injunction, a plaintiff must establish: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (applying these factors in a patent infringement case and noting that this is consistent with the Court's treatment of injunctions under the Copyright Act); *Microsoft Corp. v. Tech. Enterprises, LLC*, 805 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011) (applying factors in a copyright case).

In this case, Plaintiff has established that Defendant's unauthorized use of the copyrighted photograph caused irreparable harm, including a loss in the exclusivity and value of the Work. Defendant's continued infringing conduct, despite notice, confirms that monetary damages alone are inadequate to remedy the harm caused. Moreover, the balance of hardships favors the Plaintiff, as Defendant has no right to use the copyrighted Work, and the public interest is served by enforcing intellectual property laws. Therefore, a permanent injunction is warranted.

Accordingly, it is

**ORDERED** that:

1. Plaintiff's Renewed Motion for Default Final Judgment [DE 20] is **GRANTED.**

2. In accordance with Federal Rule of Civil Procedure 58, a separate final judgment will be entered.

3. This case is **CLOSED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of October, 2024.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: counsel of record